IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVIA GONZALEZ FELICIANO : <br> AS ADMINISTRATIX OF THE ESTATE OF : <br> MICHAEL D. LUGO, DECEASED, : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> LANDSTAR INWAY, INC., *et al.*, : <br>     Defendants. : | Civil No. 5:24-cv-00668-JMG |

MEMORANDUM OPINION

GALLAGHER, J.                                                                                                            August 15, 2025

## I.  OVERVIEW

Plaintiff Sylvia Gonzalez Feliciano, the mother and Administratrix of the Estate of decedent Michael D. Lugo, sued Defendants Landstar Inway, Inc., Landstar System Holdings, Inc., Landstar System, Inc., Alleman Transport LLC, and Jan Shamus Obryan Alleman, due to an incident in which Lugo died when he was struck by Alleman's truck and pinned against a loading dock at a warehouse. Defendants moved for summary judgment on Plaintiff's claims for punitive damages and negligent hiring, supervision, training, and entrustment. Because the Court finds that punitive damages may be awarded and the other claims challenged here are deemed withdrawn, Defendants' Motion is denied.

## II.  BACKGROUND

This case arises from a fatal accident that occurred on Christmas Eve in 2022. On that cold morning, Alleman arrived at the National Distribution Center warehouse's shipping office in his 2019 Freightliner Cascadia tractor trailer, which he leased from Landstar. ECF No. 40-2 at 2. Alleman checked in with Jennifer Martinez, the office clerk, and reported that he needed help

1

removing the padlock on his trailer. *Id*. at 3. Lugo, a warehouse supervisor, tried to remove the lock using bolt cutters but it was too high on the trailer. *Id*. So he asked Martinez to assign them a loading dock door to remove the lock with a grinder. *Id*.

Alleman then drove his truck to loading dock 16 to meet Lugo. *Id*. Once he got there, he reversed and partially backed towards the dock. *Id*. He stopped about five to ten feet from the dock, pulled the knobs for the truck's parking brakes, and got out of the vehicle. *Id*. Alleman did not have any issues with his brakes and the truck remained stopped. *Id*. at 3-4. After getting out, he saw Lugo, who informed him that the truck needed to be moved closer to the dock. *Id*. at 4. Alleman told Lugo to move to the driver's side of the vehicle so that he could see him in his side view driver mirror as he backed up again. *Id*. Alleman then got back into the truck, released the parking brakes, and reversed the truck until he saw Lugo cross his arms to signal that Alleman should stop. *Id*.

Using the foot brake, Alleman stopped the truck and pulled out the knobs on his dash to apply the tractor and trailer's parking brakes. *Id*. He did not recall hearing the "pop" sound indicating that that the brakes had been set. *Id*. He opened the door to get of the cab and heard the truck warning alarm buzzer, which meant that the brakes were not engaged. *Id*. at 5. Even though he closed the door to double check the brakes, he did not attempt to use the service brake on his truck. *Id*. The truck then rolled backwards and Alleman felt it bump the dock. *Id*. at 7. When he got out again, he found Lugo pinned on the passenger side. *Id*. Lugo died as a result of being struck and pinned between Alleman's truck and the dock. *Id*. at 8.

### III.  LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020). A fact is material if "it might affect the outcome of the suit under governing law." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party moving for summary judgment must "identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In response, the nonmoving party must then "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Anderson*, 477 U.S. at 252).

In applying this standard, the court must "construe the evidence in the light most favorable to the non-moving party." *Anderson*, 477 U.S. at 255. At the summary judgment stage, the court's role is not to weigh the evidence and determine the ultimate truth of the allegations. *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019). Instead, the court's task is to determine whether there remains a genuine issue of fact for trial. *Id.*

## IV. DISCUSSION

Defendants move for summary judgment on Plaintiff's requests for punitive damages and claims of negligent hiring, supervision, training, and entrustment. The Court addresses each issue in turn.

### a. Punitive Damages

Plaintiff asks for punitive damages in her Amended Complaint. Under Pennsylvania law, "punitive damages are an extreme remedy." *Piester v. Hickey*, 2012 WL 935789, at *3 (E.D. Pa. Mar. 20, 2012) (internal quotation marks and citation omitted). Such damages "may be awarded for outrageous conduct constituting either an evil motive or reckless indifference to the rights of others." *Achey v. Crete Carrier Corp.*, 2009 WL 9083282, at *3 (E.D. Pa. Mar. 30, 2009) (citing *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742, 747-48 (Pa. 1984); Restatement (Second) of Torts § 908(2) (1977)). To award punitive damages, "[t]he defendant must have acted in an intentional, reckless or malicious manner, and courts must focus on his state of mind." *Dragone v. Pew*, 621 F. Supp. 3d 561, 567 (E.D. Pa. 2022) (citing *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005)). "A defendant acted recklessly if he subjectively appreciated—that is, knew or should have known—the risk of harm and acted in conscious disregard of it." *Dragone*, 621 F. Supp. 3d at 567 (citing *Hutchison*, 870 A.2d 772; *Martin v. Johns-Manville-Corp.*, 494 A.2d 1088, 1097 (Pa. 1985)).

Defendants say that Plaintiff's claims for punitive damages should be dismissed because there is no evidence that Alleman acted with evil motive or reckless indifference. Specifically, they argue that Lugo situated himself behind the tractor trailer despite Alleman's request that Lugo remain to the side of the truck. ECF No. 37 at 15. According to Defendants, this shows that Alleman had no intention of causing injury to Lugo and tried to avoid an accident. *Id.* at 16.

Further, Defendants contend that none of the Landstar Defendants acted recklessly in hiring, supervising, or training Alleman because the record reveals that Alleman was appropriately trained and properly observed laws, regulations, and safe practices. *Id*.

In support of their argument, Defendants point to one case—*Piester v. Hickey*, 2012 WL 935789 (E.D. Pa. Mar. 20, 2012). In that case, the plaintiffs were rear-ended in Delaware County, Pennsylvania, by the defendant, who was looking at his cellphone. *Id*. at *1. The Court held that the plaintiffs' punitive damages claims could not survive the motion to dismiss stage because the only fact alleged about the defendant's conduct was that he was using his phone when he collided with the plaintiffs. The court held that "[b]ald allegations that the defendant looked at or used a cellular telephone while driving are insufficient to support a claim of reckless indifference." *Id*. at *4 (internal quotation marks omitted). Turning to this case, Defendants assert that Plaintiff's punitive damages claims must be dismissed because Alleman's conduct pales in comparison to the defendant in *Piester*. The Court disagrees.

Unlike *Piester*, this case includes direct evidence supporting Plaintiff's claim that Alleman acted with reckless indifference. Alleman testified during his deposition that when he opened his cab door to get out of his truck during the second reversal, he heard the truck warning alarm buzzer, which indicated to him that the brakes were not set. ECF No. 40-4 at Appx. 37, 46. He further testified that he did not see Lugo when the buzzer went off because he was double checking the brakes. *Id*. at Appx. 46. And he acknowledged that he knew if the brakes were not set and someone was around the truck, there was a risk that someone may be seriously hurt. *Id*. at Appx. 47. Regardless, Alleman did not attempt to engage the service brake on his truck. *Id*. Based on Alleman's own testimony that he did not apply his service brake even though he recognized that his brakes may not be set, that he could not see Lugo, and that someone could be significantly hurt

5

in such a scenario, a reasonable jury could find that Alleman "consciously appreciated and ignored the risk of causing an accident that his behavior caused." *Grosek v. Panther Transp., Inc.*, 2009 WL 427238, at *3 (M.D. Pa. Feb. 20, 2009).

"As a truck driver with experience and training in safety, the jury could conclude that [Alleman] knew or should have known of the consequences of such behavior" *Id*. Thus, Plaintiff's claims for punitive damages against Defendants survive summary judgment.

### b. Negligent Hiring, Supervision, Training, and Entrustment

Plaintiff also brings claims for negligent hiring, supervision, training, and entrustment against the Landstar Defendants in her Amended Complaint. Defendants say that these claims should be dismissed. Specifically, they argue that because "there is no valid claim for punitive damages under Pennsylvania law and the Landstar Defendants have admitted Alleman was acting within the furtherance of the business of Landstar Inway, Inc., all claims for negligent hiring, supervision, training and entrustment are immaterial, redundant, and prejudicial, and accordingly should be stricken." ECF No. 37 at 19.

This argument is moot. Defendants admit that Landstar would be liable to Plaintiff for Alleman's negligence, if any, under the doctrine of *respondeat superior*. *Id*. at 18; *see also Shiner v. Moriarty*, 706 A.2d 1228, 1240 (Pa. Super. Ct. 1998) ("Punitive damages may be awarded on the basis of vicarious liability."). In light of this admission, Plaintiff asserts that she "is not pursuing direct claims against Landstar for claims regarding negligent hiring, training, supervision, or negligent entrustment" if the Court does not dismiss the claims for punitive damages. ECF No. 40-2 at 18. The Court has already concluded that the issue of punitive damages may go to a jury. So Plaintiff's claims for negligent hiring, training, supervision, and entrustment are withdrawn, rendering moot Defendants' argument on these claims.

## V.     CONCLUSION

Punitive damages may be awarded in this case because Plaintiff has offered enough evidence from which a reasonable jury could find that Alleman acted with deliberate indifference when he did not engage his service brake while recognizing that the buzzer was going off, that his brakes may not be activated, that he could not see Lugo, and that someone could be significantly hurt in such a scenario. Therefore, Defendants' Motion for Summary Judgment is denied. An appropriate order follows.

BY THE COURT:

 /s/ *John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge